Filed 6/3/15 unmodified opinion attached

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ALEJANDRO B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F070090 |
| Plaintiff and Appellant, | (Super. Ct. No. JJD067747) |
| v. | |
| ALEJANDRO B., | **ORDER MODIFYING OPINION AND DENYING REHEARING** [NO CHANGE IN JUDGMENT] |
| Defendant and Respondent. | |

**THE COURT:**

It is ordered that the opinion filed herein on May 7, 2015, be modified in the following particulars:

1. On page 9, in the third sentence of the paragraph beneath the heading DISPOSITION, after the word "term" add as footnote 3 the following footnote:

> **3**Alejandro has filed a petition for rehearing urging this court to remand the matter for "a disposition hearing at which the juvenile court could exercise its Welfare and Institutions Code section 782 discretion with regard to the current commitment offenses." This would be improper inasmuch as Welfare and Institutions Code section 782 was not a basis for the minor's motion to dismiss count 1. Contrary to minor's assumption, however, our disposition remanding the matter does not limit the court's

discretion to dismiss count 1, either on its own motion or on minor's motion pursuant to Welfare and Institutions Code section 782.  Rather, after reinstatement of count 1, *any term imposed* on that count, in the event count 1 is not dismissed, should be ordered stayed.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____
                                      PEÑA, J.

WE CONCUR:


_____
KANE, Acting P.J.


_____
POOCHIGIAN, J.

2.

Filed 5/7/15 Unmodified opinion

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ALEJANDRO B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ALEJANDRO B.,<br><br>    Defendant and Respondent. | F070090<br><br>(Super. Ct. No. JJD067747)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Gallo, Judge.

Tim Ward, District Attorney, Dan Underwood, Assistant District Attorney, Barbara J. Greaver and Jennifer Fultz, Deputy District Attorneys, for Plaintiff and Appellant.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

## INTRODUCTION

In *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*), the court considered the question of "whether two prior convictions arising out of a single act against a single victim can constitute two strikes under the 'Three Strikes' law," and "conclude[d] they cannot." (*Id.* at p. 637.) We consider whether the *Vargas* decision or reasoning applies to a case involving two current offenses arising out of a single act against a single victim. We conclude it does not. Comparing prior convictions to current offenses, as the juvenile court did in this case, is like comparing apples and oranges. Alas, the juvenile court's admirable effort has proved fruitless. We reverse.

Defendant Alejandro B. was alleged to have committed two counts of assault with a deadly weapon and burglary. It was further alleged the crimes were committed for the benefit of a criminal street gang with the specific intent to promote criminal conduct by gang members. During the jurisdiction hearing, the court found one of the two assaults and the burglary to be true beyond a reasonable doubt, as well as the special allegations associated therewith. At the contested disposition, the minor's counsel asked the court, based upon *Vargas*, *supra*, 59 Cal.4th 635, to dismiss one of the remaining two counts because both the assault and burglary arose from the same transaction and course of conduct and involved the same victim. The court struck the assault with a deadly weapon count and the special allegation, leaving in place a single conviction for burglary.

On appeal, the People argue the court erred in dismissing the assault count pursuant to *Vargas* because it is not applicable to the case. *Vargas* concerned two prior strike convictions arising from a single act, and the applicability of those prior convictions to sentencing following a new conviction. In this matter, the People assert there was no allegation of a sentence enhancement pursuant to a prior strike, nor was the court about to sentence the minor in a "Three Strikes" (Pen. Code,[1] §§ 667, subds. (b)-(i), 1170.12) case. Thus, the court should not have dismissed the assault count; it should

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

have stayed the punishment associated with that count pursuant to section 654 rather than dismiss the count in its entirety. As urged by the People, we will remand the matter with directions to reinstate count 1 and stay imposition of the sentence on that count pursuant to section 654.

## PROCEDURAL AND FACTUAL BACKGROUND

In March 2014, Alejandro was alleged to have committed assault with a deadly weapon against A.I., Jr. (§ 245, subd. (a)(1), count 1), burglary against "A.I. AND OTHERS" (§ 459, count 2), and assault with a deadly weapon against A.I., Sr. (§ 245, subd. (a)(1), count 3). As to all counts, it was alleged the crimes were committed for the benefit of a criminal street gang (§ 186.22); it was further alleged he personally used a knife (§ 12022, subd. (b)(1)) during the commission of the crimes. Alejandro denied all allegations.

At the jurisdiction proceeding, the court found counts 1 and 2, as well as the special allegations asserted, to be true beyond a reasonable doubt. It dismissed count 3 as not proven beyond a reasonable doubt.

During dispositional proceedings, the trial court dismissed count 1 (assault with a deadly weapon) and proceeded with the prior adjudication concerning count 2 (burglary). The court committed Alejandro to the supervision of the probation department for out-of-home placement for 365 days at the Tulare County Youth Facility; the maximum period of confinement was 16 years.

Thereafter, the People filed a timely a notice of appeal.

The specific facts are not necessary for resolution of the appeal. Simply stated, Alejandro assaulted a father and son in rival gang territory. During the course of that assault, Alejandro entered the victims' home.

## DISCUSSION

The People contend the trial court erred in dismissing count 1 because the holding of *Vargas*—the basis of the court's dismissal—does not apply to this case. They ask this

3.

court to remand the matter with instructions to the trial court to reinstate count 1 and stay imposition of punishment on that count pursuant to section 654.[2] Alejandro, on the other hand, argues the trial court did not abuse its discretion by dismissing count 1. Specifically, he asserts *Vargas* is applicable, and he also argues the trial court had statutory authority to dismiss count 1 pursuant to Welfare and Institutions Code section 782. In rebuttal, the People maintain the trial court did not dismiss count 1 pursuant to Welfare and Institutions Code section 782, hence, that argument is improper. We conclude the People's positions on appeal are correct.

During the dispositional hearing, the following exchange occurred:

"[MINOR'S COUNSEL:] The only other thing I would ask your Honor is pursuant to People versus Vargas, there's no cite on it yet, but it is a California Supreme Court case. The cite I have is S203744. I would ask, and again, I kind of asked at the conclusion of the hearing, the contested hearing we had, is that I would ask this Court to make a finding that the 245 and the 459 first arose out of the same transaction, involved the same victim, and it was one course of conduct.

"And the reason why I'm asking the Court to make that finding is because first of all, I think the evidence supports that finding.

"And second of all, I guess we can leave it for a court another day. Hopefully, we'll never have to, but I guess we can leave that for a court another day saying well, is this two strikes or one strike? I don't think, who knows, whether Alejandro is ever going to be here again or not. But I would ask the Court for that finding.

"THE COURT: Didn't the Vargas case address a carjacking and robbery at the same time?

"[PROSECUTOR]: Carjacking and robbery. A carjacking and robbery would be 654. The 654 would apply. You stay the lesser of the two.

---

[2]Subdivision (a) of section 654 provides as follows: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

"THE COURT:  I'm just asking the case, if that's the case, I think I read this case just recently.

"[PROSECUTOR]:  I submitted a motion on a similar issue.

"[MINOR'S COUNSEL]:  I don't know the facts of that case.  All I know is when two strike priors were based on the same act, committed at the same time, against the same victim, the trial court denied the motion to dismiss one of the 1999 prior convictions, and that was overruled.  So I don't know if it is the same thing that counsel is talking about, something that just got decided two weeks ago.

"THE COURT:  I think I read it in the daily journal, is what I'm thinking.

"[MINOR'S COUNSEL]:  That's probably it.  [¶] It has nothing to do with 654.  That's not what the Supreme Court was talking about, at least not my general opinion of it.

"THE COURT:  Counsel?

"[PROSECUTOR]:  I'll start with that.  I haven't read Vargas.  If it was that recent case two weeks ago, I don't think I've seen that.

"What I was going to say with regard to 654 is the conviction or adjudication would stand.  However, we would need to impose both time frames and stay the lesser.  That would be the remedy at this point, which would be the 459 with the gang, staying the 245 with the gang.

"I do believe that given the nature of the crimes committed and proven, and the seriousness, along with the minor's age, I believe that a custodial program is actually required.  These are strike offenses.  They were 707(b).

"THE COURT:  Counsel, I know the answer to that one.  He has to have spent some time in custody.  There's not a custodial program required.  Your office appealed my ruling on that, and the Court agreed with me, that custody time was all that was necessary.  I know the answer to that one.

"[PROSECUTOR]:  Okay.  Either way, I think that it is appropriate.  This minor committed something that was egregious.  His actions were pretty awful for a person to comport themselves in our society.  [¶] … [¶]

5.

"THE COURT: Okay. What I'm going to do is I'm going to take a short recess. I know I have the case at hand. I want to make sure it is the same case. I need to rule on that. [¶] … [¶]

"(A recess was taken.)

"THE COURT: Okay. We are back on the record …. I did review the appellate report, Daily Appellate Report. The underlying offense was a carjacking. The offense for which he was being sentenced was a burglary. A burglary conspiracy to commit purchasing [*sic*] and grand theft, I think. And what the Court said was you can't have two strikes out of a situation where it's the same set of facts and underlying set of facts. As I said, it was a carjacking and the robbery.

"With regard to the two offenses, it is—what the Court basically said in the Vargas case was that they didn't feel that the intention of having the Three Strikes Law was that every single—first of all, she went from 75—they were asking for 75 to life because there were three different offenses and they put 25 to life on each one. The Court thought that number one—no, what the Court did was they struck two of them so it was still 25 to life, plus the other two. The discussion in the Vargas case was that really wasn't the intention of the Three Strikes Law. If you had a set of circumstances that contained basically what could arguably be 654 but technically could not because if it is a carjacking, then it is only stealing the car. If you steal the wallet, then it is a robbery, too. Technically that's a 654 situation. They didn't feel that it was consistent with the Three Strikes Law that those should be two separate offenses.

"I think that's what we have here in this situation. We obviously have an assault with a knife before he hit the house and continuing the assault in the house. Technically, it could be two separate offenses, but it really is one course of conduct. So what the Court is going to do is I am going to basically strike the 245 because the 459 would be entering the house with the intent to commit a felony, to wit, a 245, and so the gang would apply to that that [*sic*]."

In our view, the court misunderstood the applicability of *Vargas* to the case before it.

In *Vargas*, *supra*, 59 Cal.4th 635, the Supreme Court held that "when faced with two *prior* strike convictions based on the same act, … the trial court [is] *required* to dismiss one of them." (*Id*. at p. 640, first italics added.) There, the defendant had two prior strikes—carjacking and robbery—which were based on the same act of taking the

victim's car by force. (*Ibid*.) The trial court counted each prior conviction separately to sentence the defendant to a 25-years-to-life prison sentence. The Supreme Court determined that treating such a defendant "as a third strike offender[] was inconsistent with the intent underlying both the legislative and initiative versions of the Three Strikes law." (*Vargas*, *supra*, at p. 645.) The court explained "the voting public would reasonably have understood the 'Three Strikes' baseball metaphor to mean that a person would have three chances—three swings of the bat, if you will—before the harshest penalty could be imposed. The public also would have understood that no one can be called for two strikes on just one swing." (*Id.* at p. 646.) It concluded that "[t]reating [the defendant] more harshly than that—i.e., as a third strike offender—when she has committed but one prior qualifying act, upsets this tiered penalty structure, skipping the second step." (*Vargas*, at p. 647.)

It is clear the *Vargas* decision applies at sentencing where a trial court is faced with *prior* convictions that arise out of a single act against a single victim. In this case, significantly, the proceedings concerned *commitment* offenses versus *prior* offenses. Therefore, the *Vargas* decision was not applicable to the proceedings before the court, and Alejandro was not entitled to a dismissal of count 1 based upon the *Vargas* decision. What he is entitled to, as the People concede, is the application of section 654 to preclude imposition of a separate sentence on that count.

While Alejandro's commitment offenses were arguably based on the same act against the same victim, the convictions under consideration by the court were present commitment offenses rather than prior offenses. Had the assault with a deadly weapon count involving "A.I. JR." and the burglary count naming "A.I. AND OTHERS" as victims concerned *prior* offenses, the application of *Vargas* may have been proper. But that was simply not the case.

As the People correctly suggest, the court should have imposed but stayed a sentence on count 1 following adjudication of that count. (*People v. Niles* (1964) 227

Cal.App.2d 749, 754-756; see also *People v. Duarte* (1984) 161 Cal.App.3d 438, 446-447.)  Again, this is so because counts 1 and 2 were Alejandro's *commitment* offenses; they were not prior offenses.  Hence, the court's concerns regarding the intent behind the Three Strikes legislation as it applied to the facts before it were premature.  Hypothetically speaking, in the event Alejandro were to be convicted of additional crimes and suffered a future conviction requiring the imposition of a prison sentence, the 2014 adjudications for assault with a deadly weapon and burglary would then become prior convictions for a future court to consider.  That hypothetical future court could be called upon to consider whether the California Supreme Court's holding in *Vargas* was applicable to those convictions.

Lastly, we consider Alejandro's argument that the court also had discretion to dismiss count 1 pursuant to Welfare and Institutions Code section 782.  That section provides, in relevant part, as follows:

> "A judge of the juvenile court in which a petition was filed may dismiss the petition, or may set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal, or if it finds that he or she is not in need of treatment or rehabilitation.  The court has jurisdiction to order dismissal or setting aside of the findings and dismissal regardless of whether the person who is the subject of the petition is, at the time of the order, a ward or dependent child of the court."

Here, there is no indication the court exercised such discretion under this statute by striking count 1 in "the interests of justice and [for his] welfare."  (See *In re Greg F.* (2012) 55 Cal.4th 393, 413 [when juvenile court chooses to exercise its discretion to dismiss, its decision must be supported by statement of specific reasons in the minute order].)  Without question, a review of the record reveals the court only dismissed count 1 at the suggestion of defense counsel and based upon its interpretation of *Vargas*'s applicability to the case before it.  As such, Alejandro's argument is misplaced.

8.

## DISPOSITION

The judgment is reversed.  The juvenile court is directed to reinstate count 1 as originally adjudicated.  Imposition of any term on that count should be stayed pursuant to section 654.

_____
PEÑA, J.

WE CONCUR:


_____
KANE, Acting P.J.


_____
POOCHIGIAN, J.

9.