Filed 7/27/15  P. v. Withers CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THORNTON DAVID WITHERS,<br><br>    Defendant and Appellant. | B260785<br><br>(Los Angeles County<br>Super. Ct. No. TA064165) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Thornton David Withers, in pro. per.; Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

In 1996 Thornton David Withers pleaded guilty to two counts of second degree robbery (Pen. Code, § 211[1]) after he and an associate entered a grocery store and demanded money from two employees. In 2002 a jury convicted Withers of assault with a firearm (§ 245, subd. (a)(2)), a serious felony (§ 1192.7, subd. (c)(23)) and found he had personally used a firearm to commit the offense (§ 12022.5). In a bifurcated proceeding the trial court found true the special allegations Withers had two prior convictions for robbery within the meaning of the three strikes law. (§§ 667, subds. (b)-(i); 1170.12). The court sentenced Withers to an aggregate state prison term of 30 years to life. (*People v. Withers* (Nov. 19, 2003, B162764) [nonpub. opn.].)

On November 13, 2014 the trial court denied with prejudice Withers' petition for recall of sentence pursuant to section 1170.126 on the ground that Withers was ineligible for resentencing (§ 1170.126, subd. (e)). Withers appealed.

We appointed counsel to represent Withers on appeal. After examining the record, counsel filed an opening brief that did not raise any issues. On March 11, 2015 we advised Withers that he had 30 days to submit a brief raising any contentions or issues he wanted us to consider.

After granting an extension of time, we received from Withers on April 29, 2015 an 18-page typed "supplemental brief" with attached exhibits. Withers argues that his appellate counsel provided ineffective assistance in failing to challenge the trial court's finding that Withers' robbery convictions made him statutorily ineligible for resentencing. Withers argues that under *People v. Vargas* (2014) 59 Cal.4th 635 his prior robbery convictions should not have counted as two separate strikes. On June 9, 2015, Withers filed a request that we take judicial notice of *In re Alejandro B.* (2015) 236 Cal.App.4th 705, a decision he maintains supported his position.

We have examined the entire record and are satisfied Withers' attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756];

---

[1] All statutory references are to the Penal Code.

*People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)  This court's February 11, 2015 order, which is attached to Withers' supplemental brief, denied Withers' petition for writ of mandate to compel the trial court to resentence him on the ground that under *Vargas* his prior robbery convictions did not count as two separate strikes.  In that order, we explained that, because the record showed his two prior robbery convictions were against separate victims, Withers is not entitled to resentencing.

In re Alejandro B., *supra*, 236 Cal.App.4th 705, is not to the contrary.  *In re Alejandro B.* did not involve prior convictions.  In that case the Court of Appeal reversed the juvenile court's dismissal of one of two current commitment offenses arising out of a single act, holding that the juvenile court should have stayed imposition of sentence, rather than dismissing, one of the two counts.  (*Id.* at p. 707.)

**DISPOSTION**

The order is affirmed.



SEGAL, J.


We concur:



ZELON, Acting P. J.



STROBEL, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3