Filed 3/16/23  P. v. Johnson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>WAYNE JEROME JOHNSON,<br><br>      Defendant and Appellant. | A166399<br><br>(Contra Costa County<br>  Super. Ct. No. 05-1905900) |

Defendant Wayne Jerome Johnson was convicted, following a jury trial, of stalking, two counts of corporal injury to a person with whom he had a dating relationship, stalking in violation of a restraining order, and assault with a deadly weapon. The jury also found true that he personally used a deadly or dangerous weapon. The court sentenced defendant to six years in prison.

Defendant appealed, asserting he was entitled to resentencing based on statutory changes to Penal Code sections 654 and 1170. This court agreed and remanded the matter "to the trial court to determine whether the sentencing issues raised in connection with Penal Code sections 654 and 1170, as amended by Assembly Bill [No.] 518 [(2021–2022 Reg. Sess.)] and Senate Bill [No.] 567 [(2021–2022 Reg. Sess.)], respectively, are moot and, if not, to vacate and resentence defendant in accordance with those provisions." On remand, the trial court sentenced defendant to five years.

Defendant appeals from the judgment following resentencing on remittitur. His appellate counsel filed a brief raising no issues, but asking this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment. (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.) Counsel notified defendant of his right to file a supplement brief, and defendant has filed a brief requesting "relief based upon the issues he raised during resentencing about the two strikes and their illegality."

We conclude there are no arguable issues on appeal requiring further briefing and affirm.

## BACKGROUND[1]

"Jane Doe and defendant began dating after meeting at . . . a salsa dance club that they both frequented. They dated on and off for approximately seven months until Doe ended the relationship. According to Doe's testimony, their relationship was punctuated with instances of domestic violence and harassment, which then continued after she attempted to end the relationship." (*People v. Johnson, supra,* A159389.)

"Defendant was charged by information with stalking (Pen. Code, § 646.9, subd. (a); count 1), two counts of infliction of corporal injury on a person with whom he had a dating relationship (*id.*, § 273.5, subd. (a); counts 2 & 4), stalking in violation of a restraining order (*id.*, § 646.9, subd. (b); count 3), and assault with a deadly weapon (*id.*, § 245, subd. (a)(1); count 5).

---

[1] We take judicial notice of the prior opinion and record in *People v. Johnson* (May 26, 2022, A159389) [nonpub. opn.]. (Evid. Code, §§ 452, 459.)

We provide only a brief recitation of the facts, as relevant to the issues raised on appeal.

2

The information also asserted great bodily injury allegations (*id.*, § 12022.7, subd. (e)) as to counts 4 and 5, [a] personal gun use allegation[] (*id.*, § 12022, subd. (b)(1)) as to count 4, and that counts 3 through 5 were committed in multiple counties (*id.*, § 784.7, subd. (b))." (*People v. Johnson, supra,* A159389.)

"A jury convicted defendant as to all counts and found true the personal use allegation[].  The court sentenced defendant to six years in prison." (*People v. Johnson, supra,* A159389.)  The sentence consisted of the upper term of four years for count 4 (injury to a spouse/cohabitant), one-third the midterm for one year for count 2 (corporal injury to a spouse/cohabitant), two concurrent two-year terms for counts 1 and 3 (stalking), and the midterm of three years for count 5 (assault with a deadly weapon), which was stayed pursuant to Penal Code section 654.  The court also imposed a one-year term for the Penal Code section 12022, subdivision (b)(1) personal use enhancement as to count 4.  Finally, counts 4 and 5 were designated as serious felonies.

Defendant appealed, and asserted, among other things, that he was "entitled to resentencing based on statutory changes to Penal Code sections 654 and 1170."  This court agreed and remanded the case for resentencing.  (*People v. Johnson, supra,* A159389.)

The trial court set the date for resentencing in September 2022.  A month before the hearing, defendant's previous appellate counsel filed a declaration informing the court that defendant had "completed the entire sentence as of March 31, 2022," which included "any State claim of supervision."  Therefore, the court was "without jurisdiction over any matter relating to subsequent changes in the sentencing laws or errors . . . made in sentencing," and that in any event, "they would not benefit [defendant]."

3

Finally, counsel notified the court that even if it decided to "ceremonially reduce [defendant's] sentence to a term of less than the time he actually served that would be [the court's] prerogative but it [would] do so without [defendant's] participation," as neither defendant "nor any of the court appointed or retained attorneys" would appear at the rescheduled hearing.[2]

Two days later, the trial court issued an order regarding the issuance of an amended abstract of judgment on remand. The order acknowledged receipt of counsel's declaration but did not address any potential issues regarding mootness. The order also enclosed a copy of a proposed amended abstract of judgment filed in accordance with this court's opinion and directed defendant or his counsel to write with any objections. The proposed amended abstract of judgment reflected a sentence of five years in state prison with credit for 584 days, which now included a reduced midterm of three years on count 4 (corporal injury to a spouse). The rest of the imposed sentence for counts 1–3, and 5 as well as for the personal use enhancement remained the same.[3] Additionally, counts 4 and 5 remained serious felonies.

Counsel for defendant objected to the proposed abstract asserting it was "in violation of the rule set for in *People v. Vargas* (2014) 59 Cal.4th 635," "to make a finding of two 'serious felonies' based on one act."

---

[2] We note that despite trial counsel's declaration stating defendant had "completed" his "entire sentence," including "any State claim of supervision," the court minutes from the September 2022 hearing regarding the amended abstract of judgment state defendant was still in state prison.

[3] As noted above, the court imposed one-third the midterm for a one-year term on count 2 (corporal injury to a spouse), two concurrent two-year terms for counts 1 and 3 (stalking) and imposed but stayed a three-year midterm on count 5 (assault with a deadly weapon). Finally, the court imposed a one-year term for the Penal Code section 12022 enhancement.

4

At the subsequent hearing, neither defendant nor any counsel on his behalf appeared. Nonetheless, the court addressed and overruled the objection to the proposed amended abstract—both at the hearing and in its later-filed order—stating *Vargas* did not "apply in this particular circumstance." Rather, it was the court's view that counsel had "misinterpret[ed] the holding in *Vargas*." As the court explained, "the sentence on Count 5 was stayed pursuant to Penal Code section 654 and the defendant sentenced to 4 years (now modified to 3 years) on count 4." "If the defendant were charged with and convicted for serious and/or violent felonies in the future, the holding in *Vargas* . . . probably would prevent his convictions on Counts 4 and 5 in the present case from counting as two separate, prior 'strike' convictions. However, for purposes of the present case only, both of the convictions on Counts 4 or 5 constitute convictions for serious felonies and the Amended Abstract of Judgment will reflect that fact."

After the hearing, the court filed an order issuing the amended abstract of judgment and overruling defendant's objections, and defendant appealed.

### DISCUSSION

In his supplemental brief, defendant contends his "appointed attorney misunderstood the issues [he] asked her to address" and "requests relief based upon the issues he raised during resentencing about the two strikes and their illegality pursuant to *People v. Vargas*." Specifically, he contends "the prosecutor claimed Appellant discharged a weapon at alleged victim from behind from a surreptitious position. That is an alleged assault. They also alleged that same act was an assault with a deadly weapon, an act of domestic violence, and one of the allegations of stalking. On top of that they charged him with an enhancement for that same act. [¶] Basically, that is four charges for one single act." Defendant maintains, relying on *People v.*

5

*Vargas, supra*, 59 Cal.4th 635 (*Vargas*) and *In re Alejandro B.* (2015) 236 Cal.App.4th 705 (*Alejandro B.*), this was "improper under the three strikes laws to charge a person with two strikes for a single act."

Defendant misreads *Vargas* and *Alejandro B.*

In *Vargas, supra*, 59 Cal.4th 635, our Supreme Court considered "whether two prior convictions arising out of a single act against a single victim can constitute two strikes under the Three Strikes law" and concluded they cannot. (*Id.* at p. 637.)

In *Alejandro B., supra*, 236 Cal.App.4th 705, the appellate court considered "whether the *Vargas* decision or reasoning applies to a case involving two current offenses arising out of a single act against a single victim" and concluded it does not. (*Id.* at p. 707.)

Neither *Vargas* nor *Alejandro B.* support defendant's position—that it is improper "to charge a person with two strikes for a single act" for current offenses.

To the extent defendant appears to be making a Penal Code section 654 argument, this argument also fails. To begin with, the trial court addressed Penal Code section 654 when it first sentenced defendant and stayed count 5 as it involved "the exact same conduct as charged in Count four." After remand, count 5 (assault with a deadly weapon) remained stayed. There was no other allegation of assault, and defendant's conviction for count 3 (stalking) did not involve the exact same conduct as charged in count 4 as it was for his underlying conduct from December 2018 through January 2019.

Next, defendant, relying on *People v. Landry* (2016) 2 Cal.5th 52 (*Landry*), contends "presenting the enhancement to the jury should have been prohibited." His reliance on *Landry* is misplaced. In that case, the jury convicted the defendant of, among other things, assault by a life prisoner

6

with malice aforethought (Pen. Code, § 4500) and found true the allegation that the defendant personally used a deadly weapon (former, Pen. Code, § 12022, subd. (b)(1)).  (*Landry*, at p. 60.)  The Supreme Court held the trial court erroneously imposed a one-year sentence enhancement for use of a deadly weapon on the defendant's assault count, because use of a deadly weapon was an element of the defendant's assault offense.  (*Id.* at pp. 127–130.)

That is not the case here, as the Penal Code section 12022, subdivision (b)(1) enhancement was not attached to any assault charge but rather was attached to count 4 (corporal injury of a cohabitant).

Having considered defendant's supplemental brief and the having reviewed the record on appeal, we find no arguable issues that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Margulies, J.

A166399, People v. Johnson